UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
KIERAN K. MILLS,  :
                 :
          Plaintiff,  :
                 :                    **SUMMARY ORDER**
     -against-  :                    15-CV-5502 (DLI)
                 :
NANCY A. BERRYHILL,[1]  :
Acting Commissioner of Social Security,  :
                 :
          Defendant.  :
-------------------------------------------------------------------x
**DORA L. IRIZARRY, Chief United States District Judge:**

Christopher James Bowes ("Mr. Bowes"), counsel to plaintiff Kieran K. Mills ("Plaintiff") in this action, moves pursuant to 42 U.S.C. §406(b) for an award of attorney's fees in the amount of $37,993.25. *See generally*, Mot. for Atty.'s Fees, Dkt. Entry No. 24. The Commissioner of Social Security ("Commissioner") does not oppose the motion. *See* Response, Dkt. Entry No. 28. For the reasons set forth below, counsel is awarded $37,993.25 in attorney's fees, less a setoff of $7,321.00 for the amount previously received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, for a net award of $30,672.25.

## BACKGROUND

Pursuant to a retainer agreement dated September 15, 2015, Plaintiff retained counsel to represent him in pursuit of Social Security Disability ("SSD") benefits under the Social Security Act (the "Act"). *See* Decl. of Christopher James Bowes, dated Oct. 16, 2018 ("Bowes Decl."), Ex. A, Dkt. Entry No. 25. On September 22, 2015, with the assistance of counsel, Plaintiff filed an appeal challenging the final decision of the Commissioner, which affirmed a February 6, 2016 decision of the Administrative Law Judge ("ALJ") denying Plaintiff's claim for benefits. *See*

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Therefore, the Court has substituted her as the named Defendant pursuant to Federal Rule of Civil Procedure 25(d).

Compl. ¶¶ 10-11. On March 27, 2017, the Court issued an opinion and order reversing the Commissioner's decision and remanding the matter to the Commissioner for further administrative proceedings. *See* Order, Dkt. Entry No. 20 at 22. By written stipulation approved and "So Ordered" by the Court on June 27, 2017, the parties agreed to an award of $7,321.00 in attorney's fees under the EAJA. *See* Dkt. Entry No. 23.

Administrative proceedings resumed before a different ALJ on June 28, 2018, and the ALJ found Plaintiff disabled and entitled to SSD benefits. *See* Bowes Decl. ¶¶ 14-16. On October 2, 2018, Plaintiff was advised that the Commissioner had withheld $37,993.25, or 25% of the past-due benefits payable to Plaintiff for potential attorney's fees. *Id.* Mr. Bowes now moves this Court to authorize attorney's fees in the amount of $37,993.25, representing the withheld funds (before applying the setoff for EAJA fees previously received).

## DISCUSSION

Under 42 U.S.C. § 406(b) of the Act ("§ 406(b)"), a district court may award an attorney who successfully represents a claimant a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Where, as here, there is a contingency fee arrangement in place, "the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Factors a court should consider in determining whether a fee is unreasonable include: "(1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case." *Kazanjian v. Astrue*, 2011 WL 2847439, at

*1 (E.D.N.Y. July 15, 2011) (citing *Wells,* 907 F.2d at 372).

Here, the retainer agreement is a straightforward one-page document that was executed prior to filing Plaintiff's appeal. *See* Bowes Decl., Ex. A. The retainer agreement provides that Plaintiff agreed to pay Mr. Bowes a contingency fee "equivalent to one-quarter (i.e., 25%) of all past due benefits [awarded to Plaintiff]." *Id.* On its face, the agreement is reasonable, as the 25% fee it provides for is an accepted contingency fee in Social Security cases. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 803 (2002) ("Characteristically . . . attorneys and clients enter into contingent-fee arrangements specifying that the fee will be 25 percent of any past-due benefits . . .") (internal quotation marks and citation omitted). Additionally, there is no indication in the record or allegations that the agreement is the product of fraud or overreaching or that Plaintiff's counsel caused a delay that inflated the requested fees. Therefore, the Court finds that the agreement is reasonable and should be enforced unless it results in a windfall to counsel.

The requested fee award does not constitute a windfall to Plaintiff's counsel. Mr. Bowes seeks an award of attorney's fees in the amount of $37,993.25 for 37.7 hours of work on behalf of Plaintiff before this Court. Bowes Decl., Ex. B. This is equivalent to an hourly rate of $1,007.78. Although this amount appears considerable relative to the hours worked, it falls within the range of awards found both "reasonable" and as not constituting a windfall under § 406(b) by other courts in this Circuit. *See Kazanjian*, 2011 WL 2847439, at *2 (approving award equivalent to hourly fee of $2,100.00); *Diz v. Astrue*, 2010 WL 322028, at *2 (E.D.N.Y. Jan. 26, 2010) (granting award of 25% past-due benefits in an amount equivalent to $825.00 hourly rate for 17.4 hours worked); *Joslyn v. Barnhart*, 389 F. Supp.2d 454, 455-57 (W.D.N.Y. 2005) (awarding as reasonable attorney's fees 25% past-due benefits equivalent to $891.61 hourly rate). The award does not constitute a windfall when viewed against the positive result obtained by counsel, and the risk of

loss Mr. Bowes assumed in taking Plaintiff's case on a contingency basis. Accordingly, counsel's motion for $37,993.25 in attorney's fees, less the $7,321.00 in EAJA fees already received is granted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's counsel's motion is granted, and attorney's fees are awarded in the amount of $37,993.25 in attorney's fees, less a setoff of the $7,321.00 in EAJA fees already received for a sum total of $30,672.25.

SO ORDERED.

Dated: Brooklyn, New York
April 5, 2019

_____/s/_____
DORA L. IRIZARRY
Chief Judge